IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| JOSE YUGAR-CRUZ,<br><br>               Petitioner,<br><br>vs.<br><br>MATT MCCLEARY, Jail Administrator, Muscatine County Jail; DAVID EASTERWOOD, Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, U.S. Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of Homeland Security, and PAMELA BONDI, United States Attorney General,<br><br>               Respondents. | 3:25-cv-00136-SHL-HCA<br><br><br>**ORDER** |

      Petitioner Jose Yugar-Cruz seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF 1.) Yugar-Cruz, a native of Bolivia, entered the United States on or about July 8, 2024, and immediately surrendered himself to law enforcement. (Id., ¶¶ 24–25.) He has been in ICE custody ever since. (Id., ¶ 25.) In September 2024, Yugar-Cruz was brought before an Immigration Judge for a bond hearing. (Id., ¶ 27.) Although Yugar-Cruz was not granted bond due to his recent entry to the United States, the Immigration Judge expressed no concerns regarding danger to the community. (Id.) Yugar-Cruz applied for asylum in October 2024, and a hearing on his application occurred in December 2024. (Id., ¶¶ 28–29.)

      In January 2025, an Immigration Judge issued a ruling finding Yugar-Cruz credible but denying asylum based on the absence of a nexus between the risk of torture that Yugar-Cruz would face in Bolivia and his political opinions. (Id., ¶ 30.) The Immigration Judge did, however, grant Yugar-Cruz withholding of removal under the Convention Against Torture ("CAT") based on the torture Yugar-Cruz faced in the past in Bolivia and likely would face again in the future if returned to that country. (Id., ¶¶ 30–31.) As a result of this ruling, Yugar-Cruz cannot be returned to Bolivia. The government did not appeal the Immigration Judge's ruling. (Id., ¶ 33.) Nonetheless, Yugar-

Cruz has never been released from custody, with ICE officers instead telling him that they were searching for a different country to send him. (Id., ¶¶ 33–35.) ICE apparently explored sending Yugar-Cruz to Canada or Chile (among other places), but neither country would accept him. (Id., ¶¶ 41, 43.) He has therefore remained in ICE custody for more than seventeen months despite having no criminal history. (Id., ¶ 49.) He is now being housed in Muscatine County Jail, which is in the Southern District of Iowa. (Id., ¶ 45.)

In his petition for writ of habeas corpus, Yugar-Cruz asserts that his continued detention is unlawful and futile under 8 U.S.C. § 1231(a)(6) (Count One), a violation of the Fifth Amendment (Count Two), and a violation of the Administrative Procedure Act (Count Three). (Id., pp. 13-17.) Federal Respondents (David Easterwood, Todd Lyons, Kristi Noem, and Pamela Bondi) concede that Yugar-Cruz has exhausted all third-country removal options without success. (ECF 12, p. 1.) Federal Respondents further concede that there is no significant likelihood of Yugar-Cruz being removed to his home country or a third country in the reasonably foreseeable future. (Id., p. 2) Federal Respondents therefore agree that Yugar-Cruz should be ordered released on conditions of supervision. (Id.)

After careful review, the Court GRANTS Yugar-Cruz's petition for writ of habeas corpus (ECF 1) and orders him RELEASED on reasonable conditions of supervision consistent with 8 CFR § 241.13(h). The Court presumes from the parties' filings that there is already an agreement or commonly-accepted practice regarding the conditions of supervision that will apply to Yugar-Cruz. The Court therefore will not attempt to set out those conditions in this Order. If this is mistaken, and one side or the other is anticipating that the Court will set the conditions of release, an appropriate motion should be filed that specifically lists the conditions the moving party believes are appropriate.

Federal Respondents are hereby ordered to release Yugar-Cruz from custody without delay under reasonable conditions of supervision. Defendant Matt McCleary must work with Federal Respondents to achieve Yugar-Cruz's release consistent with this Order. Absent a violation of the conditions of supervision, Federal Respondents may not revoke Yugar-Cruz's supervision and detain him without demonstrating that changed circumstances create a significant likelihood of removal in the reasonably foreseeable future. 8 C.F.R. § 241.13(i)(2).

Pursuant to 28 U.S.C. § 1746, Federal Respondents shall promptly provide a declaration to the Court confirming Yugar-Cruz's release from custody. All other case deadlines and hearings are vacated.

**IT IS SO ORDERED.**

Dated this 23rd day of December, 2025.

_____
STEPHEN H. LOCHER
U.S. DISTRICT JUDGE